UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFF TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 3:13-CV-368 |
| ) | Judges Collier/Lee |
| JEFFERSON COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendant. ) | |

# **M E M O R A N D U M**

Before the Court is a motion for summary judgment filed by Defendants Jefferson County, Tennessee (the "County") and Sheriff G. W. McCoig (the "Sheriff") (collectively "Defendants") (Court File No. 16). Plaintiff Jeff Terry ("Plaintiff") responded (Court File No. 20). For the following reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 16).

## I.     FACTUAL BACKGROUND[1]

During a landlord-tenant dispute between Plaintiff and his landlord's wife, Plaintiff called 911. Deputies responded and took identification from Plaintiff, his landlord's wife, and his landlord who had arrived in the intervening period. While checking Plaintiff's identification, the deputies were informed that there was a warrant out for Plaintiff's arrest.

A former employee of the Plaintiff, Timothy Barker ("Barker"), had sworn to an affidavit of complaint stating that Plaintiff had committed the offense of assault in violation of Tenn. Code Ann. § 39-13-101. Barker had claimed that Plaintiff had threatened him and punched him

---

[1] The following summary of the facts is taken from the complaint and the briefs of the parties.

in the face during a dispute about some money the former employee owed Plaintiff. This affidavit stated that Plaintiff had also sent several threatening text messages prior to the altercation. Furthermore, the officer taking the complaint observed red marks and a swollen left cheek that Barker claimed were the result of the assault.

The deputies arrested Plaintiff and brought him to the Jefferson County Jail for booking. At some point during the booking process, it was discovered that what had been mistakenly identified as an arrest warrant was actually a criminal summons. According to Tennessee law, officers normally do not arrest on the basis of a criminal summons but rather issue a citation and direct the defendant to appear at some time to answer the charges.[2] *See* Tenn. Code Ann. § 40-6-215. The Plaintiff was nonetheless booked and processed, and then released after several hours. Plaintiff returned to court as directed some weeks later and the Judge dismissed the assault complaint attaching several conditions. Plaintiff complied with those conditions and the complaint was dismissed. Plaintiff now brings this action under 42 U.S.C. § 1983 suing Jefferson County, Tennessee and Sheriff G. W. McCoig.

## II.  STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900,

---

[2] This general rule is subject to several exceptions not at issue here.

2

907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. ANALYSIS

As an initial matter, Plaintiff sued Sheriff McCoig in his official capacity. Both parties agree that this constitutes a suit against the local government employing him, Jefferson County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The only remaining Defendant in this case is thus Jefferson County.

To state a claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person

3

Case 3:13-cv-00368-CLC-CCS   Document 29   Filed 02/12/15   Page 3 of 5   PageID #: 193

acting under color of state law 'deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Section 1983 does not provide redress for violations of state statutes or state Constitutional rights. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

Probable cause to justify an arrest means facts and circumstances within the official's knowledge that are sufficient to warrant a prudent person in believing, in the circumstances shown, that the suspect has committed or is about to commit an offense." *Drake v. Vill. of Johnstown, Ohio*, 534 F. App'x 431, 439 (6th Cir. 2013). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Lapsins*, 570 F.3d 758, 764 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 n. 13 (1983)).

On the undisputed facts, deputies had probable cause to arrest Plaintiff. Barker had sworn out an affidavit of complaint that Plaintiff had assaulted him in violation of Tenn. Code Ann. § 39-13-101. According to Tenn. Code Ann. § 39-13-101, "[a] person commits assault who intentionally, knowingly or recklessly causes bodily injury to another." The commentary to the statute notes that physical injury can include abrasions and cuts. According to the Affidavit of Complaint, Barker informed the officer taking the incident report that Plaintiff had intentionally struck him with a closed fist to the face (Court File No. 17-1). The officer observed facial swelling and marks that Barker attributed to the assault (*id*.). Plaintiff has not pointed to any evidence that tends to show that any of these statement were untrue. These facts indisputably give rise to probable cause that Plaintiff committed the criminal offense of assault as defined by Tenn. Code Ann.§ 39-13-101. The fact that state statutes or policies may have

4

directed the issuance of a citation rather than an arrest is immaterial. The Federal Constitution requires only probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Because the undisputed facts show that probable cause was present here, there was no Constitutional violation that can support a suit under § 1983. And because there was no violation by any of the individual deputies, there can be no suit against the County. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

IV. **CONCLUSION**

For the above reasons, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 16). There being no other issues in this case, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**An order shall enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**